**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LATEAFA WEBB,

              Plaintiff,

     v.

MIDLAND FUNDING LLC; MIDLAND
CREDIT MANAGEMENT INC;
TRANSUNION DATA SOLUTIONS LLC;
EQUIFAX INFORMATION SERVICES
LLC; and EXPERIAN INFORMATION
SOLUTIONS, INC.,

              Defendants.

Case No. 1:19-cv-02278

Judge Ruben Castillo

Magistrate Judge Young B. Kim

**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its

undersigned counsel, and in answer to the Complaint filed by Lateafa Webb ("Plaintiff"). As an

initial matter, Experian reserves the right to supplement or amend its answer based on future

investigation or discovery. Experian states as follows:

     1.     THIS COMPLAINT IS FOR VIOLATIONS OF FAIR DEBT COLLECTIONS
PRACTICES ACT (FDCPA) 15 U.S.C. 1692 et seq and FAIR CREDIT REPORTING ACT
(FCRA) 15 U.S.C. 1681 et seq.

**ANSWER:** In response to paragraph 1 of the Complaint, Experian admits only that the

Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA") and Fair Debt

Collection Practices Act ("FDCPA"). To the extent the allegations in Paragraph 1 are directed

toward Experian, Experian denies, generally and specifically, each and every allegation

contained therein. To the extent the allegations relate to the other parties, Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and therefore denies the same.

## JURISDICTION

2.      THIS COURT HAS JURISDICTION PURSUANT TO FDCPA 15 U.S.C.
1692k(d) and FCRA 15 U.S.C. 1681p

**ANSWER:**  In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has

alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681p, and the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692k(d). Experian states that this is a legal

conclusion which is not subject to denial or admission.

## VENUE

3.      Venue is proper because the Plaintiff resides at 7252 South Yates Chicago,
Illinois 60649 which is IN THE UNITED STATES DISTRICT COURT OF ILLINOIS
NORTHERN DISTRICT EASTERN DIVISION

**ANSWER:**  In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has

alleged that venue in this district is proper.  Experian states that this is a legal conclusion which

is not subject to denial or admission.

## PARTIES

4.      THE Plaintiff Ms. Lateafa Webb is a natural person, who is a consumer pursuant
to the FDCPA 15 U.S.C. 1692a(3).  The term "consumer" means any natural person obligated to
pay any debt.  Pursuant to the FDCPA 1692a(5)the term "debt" means any obligation or alleged
obligation of a consumer to pay money arising out of a transaction in which the money, property,
insurance or services which are the subject of the transaction are primary for personal, family, or
household purposes, whether or not such obligation has been reduced to judgment.  Plaintiff is a
consumer pursuant to FCRA 15 U.S.C. 1681a(c) the term "consumer" means an individual.

**ANSWER:**  In response to paragraph 4 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

5.      The Defendant, Midland Funding LLC, is a "debt collector" as defined by 15
U.S.C & 1692 a (6) "furnisher of information" as defined by 15 U.S.C & 1681 s-2, a "user of

information" as defined by 15 U.S.C & 1681 m, and a for profit limited liability company. Organized in the state of Delaware who's agent is MIDLAND CREDIT MANAGEMENT INC 1821 WALDEN OFFICE SQ STE 400 SCHAUMBURG ILLINOIS 60173.

**ANSWER:** In response to paragraph 5 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

6.      The Defendant, Midland Credit Management I.N.C ("MCM"), is a "debt collector" as defined by 15 U.S.C 1692a(6) and a "furnisher of information" as defined by 15 U.S.C 1681 m, Organized in the state of Kansas who's agent is ILLINOIS CORPORTION SERVICE C 801 ADLAI STEVENSON DRIVE SPRINGFIELD ILLINOIS 62703.

**ANSWER:** In response to paragraph 6 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

7.      Transunion is a Credit Reporting Agency, pursuant to 1681 a (p) and is located at 555 W. ADAMS, Chicago, IL 60661, whose agent can be served at Illinois Corporation Service C, 801 ADLAI STEVENSON DRIVE,  IL. 62703.

**ANSWER:** In response to paragraph 7 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

8.      Equifax is a Credit Reporting Agency, pursuant to 1681 a (p) and is located at 1550 PEACHTREE ST. NW ATLANTA, GA 30309-2402, whose agent can be served 801 ADLAI STEVENSON DRIVE, SPRINGFIELD, IL. 62703.

**ANSWER:** In response to paragraph 8 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

9.      Experian is a Credit Reporting Agency, Pursuant to 1681 a (p) and is located at 475 Anton BLVD, Costa Mesa, CA 92626 , whose agent C T CORPORATION SYSTEM can be served at, 208 SOUTH LASALLE STREET SUITE 814, CHICAGO, IL 60604.

**ANSWER:** In response to paragraph 9 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Experian further admits that it has a primary place of business in Costa Mesa, California.

## FACTUAL ALLEGATIONS

10.     Ms. Webb obtained her consumer credit reports, from several consumer reporting agencies and found by entities that were unknown.

**ANSWER:** In response to paragraph 10 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     Ms. Webb found after examination of her consumer credit reports that Midland Funding LLC had been reporting false and erroneous information to the consumer reporting agencies.

**ANSWER:** In response to Paragraph 11, Experian expressly denies that it reported inaccurate information, failed to correct any inaccurate information, failed to follow reasonable procedures, failed to conduct reasonable reinvestigations, or violated the FCRA or any other law. Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 11 and on that basis denies the same.

12.     Ms. Webb never had a business relationship of any kind with Midland Funding LLC and had never been with them. Midland Funding LLC was reporting an alleged account to the reporting agencies, which did not belong to Ms. Webb.

**ANSWER:** In response to Paragraph 12, Experian expressly denies that it reported inaccurate information, failed to correct any inaccurate information, failed to follow reasonable procedures, failed to conduct reasonable reinvestigations, or violated the FCRA or any other law. Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 12 and on that basis denies the same.

13.     Ms. Webb sent a validation letter to Midland Funding LLC on 2/27/17, Midland Funding LLC did not validate the account (the word validate is define as competent evidence

that Ms. Webb have some contractual obligation to pay Midland Funding LLC) and is still reporting an allege account after Ms. Webb requested validation.

**ANSWER:**  In response to paragraph 13 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     Ms. Webb also sent a request for all information in her Consumer File in compliance with 15 USC 1681 g (a) (1), to EXPERIAN Credit Reporting Agency on February 27, 2017 March 16, 2018 and May 8, 2018 as of today's date has not sent the full file disclosure.

**ANSWER:**  In response to Paragraph 14, Experian expressly denies that it reported inaccurate information, failed to correct any inaccurate information, failed to follow reasonable procedures, failed to conduct reasonable reinvestigations, or violated the FCRA or any other law.  Experian does not have knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 14 and on that basis denies the same.

15.     Ms. Webb also sent a request for all information in her Consumer File in compliance with 15 USC 1681 g (a) to EQUIFAX Credit Reporting Agency on February 27, 2017 March 16, 2018 and May 8, 2018 as of today's date EQUIFAX has not sent the full file disclosure.

**ANSWER:**  In response to paragraph 15 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     Ms. Webb also sent a request for all information in her Consumer File in compliance with 15 USC 1681 g (a) (1), to TRANSUNION Credit Reporting Agency on February 27, 2017 and March 16, 2018 as of today's date TRANSUNION has not sent the full file disclosure.

**ANSWER:**  In response to paragraph 16 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     Ms. Webb sent dispute letter for the allege account reported by Midland Funding LLC to Transunion, Equifax, and Experian on 2/27/17.  Plaintiff also requested a description of the reinvestigation procedure by TransUnion, Equifax, and Experian.

**ANSWER:**  In response to paragraph 17 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

18.     As of this day 3/16/19 Defendant Midland Funding has not responded to Ms. Webb disputes with the credit reporting agencies and continue to report allege debt.

**ANSWER:**  In response to paragraph 18 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

19.     Ms. Webb also found after examination of her TransUnion consumer report, that Midland Credit Management I.N.C had pulled her consumer report on various occasions without her consent.

**ANSWER:**  In response to paragraph 19 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

20.     Ms. Webb found Midland Credit Management I.N.C had pulled her Transunion consumer credit report on 10/16/16, 12/10/16, 2/10/17, 9/15/17, 12/10/17, and 2/15/18.

**ANSWER:**  In response to paragraph 20 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

21.     Discovery of violation brought forth herein occurred in March 23, 2018 and is within the statute of limitations as defined in FCRA 15 U.S.C. 1681p.

**ANSWER:**  In response to paragraph 21 of the Complaint, Experian states that the allegations

contained therein are legal conclusions not subject to admission or denial. To the extent a further

response is required, Experian states that the FCRA speaks for itself and denies any allegation

inconsistent therewith.

Wherefore all of the above reasons Ms. Webb seek relief and demands judgment for damages against Midland Funding LLC, Midland Credit Management I.N.C, TransUnion, Equifax, and Experian for actual, statutory, and punitive damages, attorney's fees and costs

**ANSWER:** In response to this unnumbered paragraph, Experian admits only that Plaintiff has

so demanded. Experian denies, generally and specifically, each and every allegation contained

therein. Responding further, Experian denies that Plaintiff is entitled to judgment or any relief

against Experian or that Experian is liable to Plaintiff in any manner whatsoever.

## COUNT 1

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), FOR WILLFULL NON-COMPLIANCE BY DEFENDANT MIDLAND FUNDING LLC.

22.     Plaintiff re-alleges paragraphs 1-21

**ANSWER:** In response to paragraph 22 of the Complaint, Experian fully restates its answers to

paragraphs 1 through 21 as though fully stated herein.

23.     Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C & 1681a(c).

**ANSWER:** In response to paragraph 23 of the Complaint, Experian admits that Plaintiff is a

"consumer" as defined by 15 U.S.C. §1681a(c).

24.     Defendant Midland Funding LLC is a furnisher of information to Consumer Reporting Agencies in accordance to FCRA 15 U.S.C. 1681s-2(a)

**ANSWER:** In response to paragraph 24 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

25.     Ms. Webb alleges Midland Funding LLC failure to reinvestigate the account after she disputed the allege account with the Consumer Reporting Agencies 2/23/2017 in violation of the FCRA 15 U.S.C. 1681s-2b. Because Ms. Webb has never had an account with Midland Funding LLC and Midland Funding LLC has not provided proof of an account with Ms. Webb.

**ANSWER:** In response to paragraph 25 of the Complaint, Experian states that the allegations

contained therein are legal conclusions not subject to admission or denial. To the extent a

response is required, Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 25 of the Complaint and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

26. Ms. Webb alleges Midland Funding LLC violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b) by continuing with the representation within her credit file with Transunion, Equifax, and Experian without also including a notation that this debt is disputed; by failing to fully and properly investigate her dispute of the representation; by failing to review all relevant information regarding same; by failing to accurately respond to Transunion, Equifax, and Experian; by failing to correctly report results of an accurate investigation to Transunion, Equifax, and Experian reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies

**ANSWER:** To the extent the allegations in Paragraph 26 are directed toward Experian,

Experian denies, generally and specifically, each and every allegation contained therein. To the

extent the allegations relate to the other parties, Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and therefore denies

the same.

27. As a result of this conduct, action and inaction of Midland Funding LLC, Ms. Webb suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain; anguish humiliation and embarrassment of credit denials.

**ANSWER:** To the extent the allegations in Paragraph 27 are directed toward Experian,

Experian denies, generally and specifically, each and every allegation contained therein. To the

extent the allegations relate to the other parties, Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and therefore denies

the same.

28. Midland Funding LLC conduct, action, and inaction were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the court

pursuant to 15 U.S.C. 1681n in the alternative it was negligent entitling the plaintiff to recover actual damages under 15 U.S.C. 1681o

**ANSWER:** In response to paragraph 28 of the Complaint, Experian states that the allegations

contained therein are legal conclusions not subject to admission or denial. To the extent a

response is required, Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 28 of the Complaint and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

29. Ms. Webb is entitled to recover for statutory damages of $1000.00, punitive damages, costs and attorney's fees from Midland Funding LLC in an amount to be determined by the court pursuant to 15 U.S.C. 1681n and 1681o

**ANSWER:** In response to paragraph 29 of the Complaint, Experian states that the allegations

contained therein are legal conclusions not subject to admission or denial. To the extent a

response is required, Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 29 of the Complaint and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

## COUNT 2

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), FOR WILLFULL NON-COMPLIANCE BY DEFENDANT MIDLAND CREDIT MANAGEMENT

30. Plaintiff re-alleges paragraphs 1-29

**ANSWER:** In response to paragraph 30 of the Complaint, Experian fully restates its answers to

paragraphs 1 through 29 as though fully stated herein.

31. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C & 1681a(c).

**ANSWER:** In response to paragraph 31 of the Complaint, Experian admits that Plaintiff is a

"consumer" as defined by 15 U.S.C. §1681a(c).

32. Midland Credit Management is a user of consumer reports within the meaning for the FCRA 15 U.S.C. 1681m et al.

**ANSWER:**  In response to paragraph 32 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     Ms. Webb credit report is a consumer report within the meaning of the FCRA 15 U.S.C. 1681a(d).

**ANSWER:**  In response to paragraph 33 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     The FCRA 15 U.S.C. 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

**ANSWER:** In response to paragraph 34 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. Responding further, Experian states that the FCRA speaks for itself and on that basis denies any allegation of paragraph 34 inconsistent therewith.

35.     Such permissible purposes as defined by 15 U.S.C. 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide *offer* of credit as a result of the inquiry.

**ANSWER:**  In response to paragraph 35 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. Responding further, Experian states that the FCRA speaks for itself and on that basis denies any allegation of paragraph 35 inconsistent therewith.

36.     Ms. Webb has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Midland Credit Management I.N.C

**ANSWER:** In response to paragraph 36 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. At no time did Ms. Webb give her consent for Defendant Midland Credit Management I.N.C to acquire her consumer credit report from any credit reporting agency.

**ANSWER:** In response to paragraph 37 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. On or about October 16, 2016, December 10, 2016, February 10, 2017, September 15, 2017, December 10, 2017 February 15, 2018 Defendant Midland Credit Management I.N.C. obtained Ms. Webb TransUnion consumer credit with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

**ANSWER:** In response to paragraph 38 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. The action of Defendant Midland Credit Management I.N.C. obtaining the consumer credit report of Ms. Webb with no permissible purpose or her consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of her right to privacy.

**ANSWER:** To the extent the allegations in Paragraph 39 are directed toward Experian, Experian denies, generally and specifically, each and every allegation contained therein. To the extent the allegations relate to the other parties, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

WHEREFORE Ms. Webb demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT, for statutory damages of $1000.00 per violation,

punitive damages to be determined by this honorable court, attorney's fees pursuant to 15 U.S.C. § 1681n.

**ANSWER:**  In response to this unnumbered paragraph, Experian admits only that Plaintiff has

so demanded.  Experian denies, generally and specifically, each and every allegation contained

therein. Responding further, Experian denies that Plaintiff is entitled to judgment or any relief

against Experian or that Experian is liable to Plaintiff in any manner whatsoever.

**COUNT 3**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 1681g(a)(1)**

**BY DEFENDANTS,**

**TRANSUNION, EQUIFAX AND EXPERIAN.**

40.    Plaintiff re-alleges paragraphs 1-39

**ANSWER:**  In response to paragraph 40 of the Complaint, Experian fully restates its answers to

paragraphs 1 through 39 as though fully stated herein.

41    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. & 1681 a (c).

**ANSWER:**  In response to paragraph 41 of the Complaint, Experian admits that Plaintiff is a

"consumer" as defined by 15 U.S.C. §1681a(c).

42.    Experian, Equifax and Transunion are Credit Reporting Agencies under the
FCRA 15 U.S.C. 1681a(f)

(p) The term "consumer reporting agency that compiles and maintains files on
consumers on a nationwide basis" means a consumer reporting agency that
regularly engages in the practice of assembling or evaluating, and maintaining, for
the purpose of furnishing consumer reports to third parties bearing on a
consumer's credit worthiness, credit standing, or credit capacity, each of the
following regarding consumers residing nationwide:

(1) Public record information.

(2) Credit account information from persons who furnish that information
regularly and in the ordinary course of business.

- 12 -

**ANSWER:** In response to paragraph 42 of the Complaint, Experian admits that it is a

"consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

43. Plaintiff Ms. Webb requested for her Experian Consumer File in compliance with 15 U.S.C. 1681a(g) on February 27, 2017, March 16, 2018, May 8, 2018 and by phone on October 6, 2018. As of today's date Experian, is a credit reporting agency pursuant to 15 U.S.C 1681a (p), has failed to submit a full file disclosure.

**ANSWER:** In response to Paragraph 43, Experian expressly denies that it reported inaccurate

information, failed to correct any inaccurate information, failed to follow reasonable procedures,

failed to conduct reasonable reinvestigations, or violated the FCRA or any other law. Experian

does not have knowledge or information sufficient to form a belief as to the truth of any

remaining allegations contained in Paragraph 43 and on that basis denies the same.

44. Plaintiff Webb requested for her Transunion Consumer file on February 27, 2017, March 16, 2018. In compliance with U.S.C. 1681g (a) (1). As of today's date Transunion has failed to submit full file disclosure.

**ANSWER:** In response to paragraph 44 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

45. Plaintiff Webb requested her Equifax Consumer file on February 27, 2017, March 16, 2018 5/8/18 and May 8, 2018 In compliance with 15 U.S.C 1681g (a) (1). As of today's date Equifax has failed to submit full file disclosure.

**ANSWER:** In response to paragraph 45 of the Complaint, Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

Wherefore Ms. Webb demands judgment for damages against Defendants, Experian, Equifax and Transunion for statutory damages of $1000.00 per violation, punitive damages to be determined by honorable court, attorneys fees and costs pursuant to 15 U.S.C § 1681n for willful noncompliance or in the alternative 15 U.S.C.§1681o for negligent noncompliance.

**ANSWER:** In response to this unnumbered paragraph, Experian admits only that Plaintiff has

so demanded. Experian denies, generally and specifically, each and every allegation contained

therein. Responding further, Experian denies that Plaintiff is entitled to judgment or any relief against Experian or that Experian is liable to Plaintiff in any manner whatsoever.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

*    *    *    *

## EXPERIAN'S AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Experian admit that Plaintiff is relieved of her burden to prove each and every element of her claims and the damages, if any, to which he is entitled. As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its responses above to paragraphs 1 through 45 of the Complaint, and to the unnumbered paragraphs contained therein. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual development of this case.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all of the information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE
### (LACHES)

The Complaint and each claim for relief therein are barred by laches.

### SIXTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### SEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estoped and barred from recovery of any damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## NINTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (REASONABLE PROCEDURES)

At all times relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

## ELEVENTH DEFENSE
### (INTERVENING CAUSES)

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening causes which had no relation in fact to any conduct of Experian.

## TWELFTH AFFIRMATIVE DEFENSE
### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional, different, or modified affirmative defenses at such time and to such extent as warranted by discovery and the factual development of this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

That Plaintiff take nothing by virtue of the Complaint herein and that this action be

dismissed in its entirety;

For costs of suit and fees herein incurred; and

For such other and further relief as the Court may deem just and proper.

Dated: April 30, 2019                    Respectfully submitted,


s/ Jamie N. Ward
_____
Jamie N. Ward
jamieward@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

*Counsel for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2019, I caused a copy of the foregoing to be electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois through the CM/ECF system, which will electronically send notice to all counsel of record, and to plaintiff via first-class U.S. mail, postage prepaid, at the address below:

Lateafa Webb
7252 S. Yates Blvd. #1N
Chicago, IL 60649

*s/ Jamie N. Ward*
Attorney for Defendant
Experian Information Solutions, Inc.